Merrimack,
No. 4783.

CITIZENS NATIONAL BANK *v.* ST. PETERS LODGE OF MASONS & *a.*

Submitted December 2, 1959.

Decided December 31, 1959.

**354**

*Kenneth E. Shaw* and *Shulins & Duncan* for the plaintiff.

*Ernest R. D'Amours,* Director of Charitable Trusts, *pro se.*

KENISON, C. J.   A trust that is dead but cannot be buried is a minor disaster that the progressive development of the law of trusts seeks to avoid or alleviate whenever possible.   In the present case termination of the trust is sought to prevent the trust from continuing in a dormant state until 1972.   Whether this relief can be granted is necessarily dependent upon a proper construction of the trust provisions.   4 (Part 2) Bogert, Trusts & Trustees, s. 1002.

In preliminary summary the testamentary trust in the sixteenth and residuary clause of the will provided that the income was to be paid equally to four named beneficiaries for life or to the respective spouses of two of them if they should die during the

term of the trust, and the balance remaining at the end of forty years was to be divided equally between two named charities and in case either should not be in existence, it was to go to the town in which the testator resided. It has been suggested in the briefs of counsel that this trust may violate the common-law rule against perpetuities and that therefore the doctrine of *Edgerly* v. *Barker*, 66 N. H. 434 and *Merchants &c. Bank* v. *Curtis*, 98 N. H. 225, should be invoked to save the trust. We find it unnecessary to reach that point since a reasonable construction of the will indicates that the testamentary trust was valid even though "crudely drawn" (*Adams* v. *Hospital*, 82 N. H. 260, 261) by the testator. In this connection it should be noted that the authorities are in general agreement that there is constructional preference for an interpretation of the will which results in a valid rather than a void disposition and that a construction which avoids the application of the rule against perpetuities is preferred to one that will offend the rule. 3 Simes & Smith, The Law of Future Interests (2d *ed*. 1956) *s*. 1288. VI American Law of Property, *s*. 24.45; Restatement, Property, *ss*. 375, 377, *comment* c.

The fact that the will contains some seeds of ambiguity (*Wilkins* v. *Miltimore*, 95 N. H. 17, 18) does not deprive it of the benefit of the single broad rule of construction prevailing in this jurisdiction which gives maximum validity to the testamentary disposition whenever consistent with the terms of the will as a whole. *In re Lathrop Estate*, 100 N. H. 393, 395; *Merchants &c. Bank* v. *Curtis, supra*, 230; V American Law of Property, *s*. 21.3c; Restatement, Property, *s*. 243 (c).

The sixteenth and residuary clause of his will bequeathed the income of the trust fund to the beneficiaries "during their natural lives." These gifts would terminate at the death of the beneficiaries or in forty years, at which time the will provided that the balance should go to the two named charities. However the will as a whole gives no indication that the testator considered a forty-year period in gross as a condition precedent to the right of the remaindermen to receive the balance of the fund. It has already been decided that the gift to the life beneficiaries was vested. *Citizens' Nat. Bank* v. *Morgan*, 94 N. H. 284, 288, 289. The gift of the remainder to the charities was likewise a vested gift although the enjoyment thereof was postponed until the death of the last named life beneficiary or a period of forty years. *Upton* v. *White*, 92 N. H. 221, 226.

Under the common-law rule against perpetuities, a trust is not invalid, either in whole or in part, merely because the duration of the trust may exceed lives in being and twenty-one years, if all the interests vest within the period. Restatement, Property, *s.* 378. Since the sixteenth clause of the will provided for vested interests both to life beneficiaries and to remaindermen, even though the duration of the trust could have exceeded lives in being and twenty-one years, the trust was valid. Restatement (Second), Trusts, *s.* 62, *comment* n (1959).

"The beneficiaries of a trust, if all consent and none is under an incapacity, can compel its termination if the continuance of the trust is not necessary to carry out a material purpose of the trust, although the period fixed by the terms of the trust for its duration has not expired." Restatement (Second), Trusts, *s.* 337, *comment* a. *Eastman* v. *Bank*, 87 N. H. 189; *Bellows* v. *Page*, 88 N. H. 283. In the present case all the life beneficiaries have deceased and all the remaining interested parties either pray for the termination of the trust or do not object to it. Inasmuch as the trust will serve no useful purpose if continued for another twelve years and the charities are presently in existence, it can and should be terminated without interfering with any material purpose of the trust. See IV Scott on Trusts, *s.* 367A, *pp.* 2623, 2624.

Because the trust should be terminated the trustee is advised that the balance of the trust fund should be paid in equal shares to the two charities mentioned in the last sentence of the sixteenth clause of the will. This construction of the trust and its termination are consistent with the legitimate wishes of the testator, however inartfully expressed. It is likewise consistent with the basic purposes of trust law as expressed by an eminent authority. "The evolution of the trust has been a great adventure in the field of jurisprudence. It has not ended. As long as the owner of property can dispose of it in accordance with his legitimate wishes, the great adventure will go on. The law of trusts is living law." IV Scott, Trusts (2d *ed.* 1956) Epilogue, *p.* 3439 at *p.* 3440.

*Remanded.*

All concurred.